# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

### UNITED STATES

v.

### Kurt L. BOND
### Fireman Apprentice (E-2), U.S. Coast Guard

### CGCMG 0255

### Docket No. 1314

### 23 November 2010

General Court-Martial convened by Commander, Maintenance and Logistics Command Atlantic. Tried at Miami, Florida on 11 March 2008 and Norfolk, Virginia on 2 - 12 June 2008.

| | |
|---|---|
| Military Judge: | CAPT Brian M. Judge, USCG |
| Trial Counsel: | LT Benedict S. Gullo, USCGR |
| | LT Kelly C. Blackburn, USCGR |
| Detailed Defense Counsel: | LCDR Andrea K. Lockhart, JAGC, USN |
| Individual Military Defense Counsel: | LCDR Marcus N. Fulton, JAGC, USN |
| Appellate Government Counsel: | LT Emily P. Reuter, USCG |
| | CDR Stephen P. McCleary, USCG |
| | LCDR Douglas K. Daniels, USCG |
| Appellate Defense Counsel: | CDR Necia L. Chambliss, USCGR |
| | LCDR Rachael B. Bralliar, USCGR |
| | LT Shadrack L. Scheirman, USCG |

### ON RECONSIDERATION
### BEFORE
### McCLELLAND, LODGE & McTAGUE
Appellate Military Judges


McCLELLAND, Chief Judge:

Appellant was tried by general court-martial composed of officer and enlisted members. Contrary to his pleas, Appellant was convicted of one specification of assault and battery, in violation of Article 128, Uniform Code of Military Justice (UCMJ); and one specification each of drunk and disorderly conduct and indecent language, in violation of Article 134, UCMJ. The

court sentenced Appellant to reduction to E-1 and a bad-conduct discharge.  The Convening Authority approved the sentence as adjudged.

Before this court, Appellant assigned the following errors:

I.  The military judge erred when he denied the defense motion to dismiss Charges I and III for prior jeopardy.

II.  An unsuspended bad-conduct discharge is an inappropriately severe punishment for the crimes of which Appellant was convicted.

III.  Appellant's Fifth and Sixth Amendment rights were denied when he was prohibited from recording the Article 32 investigation, and by the subsequent denial of his motion for a new Article 32 investigation.

On 16 March 2010, this Court set aside the findings and sentence, citing Article 66, UCMJ.  The government moved for reconsideration, pointing to the case of United States v. Nerad that was pending before the Court of Appeals for the Armed Forces (CAAF), and urged that no decision be issued until CAAF announced a decision in that case.  CAAF did so on 27 July 2010, and we granted the motion for reconsideration on 30 July 2010, requesting briefs from the parties.

The Government asserts in its new brief that our 16 March decision granted equitable relief, which CAAF has declared to be beyond the power of a Court of Criminal Appeals (CCA). *United States v. Nerad*, 69 M.J. 138, 140 (C.A.A.F. 2010).  Appellant, meanwhile, continues to argue that the offenses of which he was found guilty were minor ones for which he had already been punished, and therefore the convictions should be set aside.

Our opinion of 16 March 2010 is withdrawn and replaced with the present opinion.  We consider the issues of prior punishment and inappropriately severe punishment.  We do not reach the issue of the Article 32 investigation.  We again set aside the findings and sentence, relying on Article 66, UCMJ.

**Facts**

Appellant was assigned to the Coast Guard Cutter THETIS. While on liberty in Barbados in January 2006, Appellant engaged in activity that formed the basis for three specifications under two charges: Charge I, Article 80, UCMJ (Attempted Indecent Assault), and Charge III, Article 134, UCMJ (Drunkenness to the discredit of the armed forces and Indecent language).

The Barbados charges against Appellant revolve around his public intoxication, public vulgarity, and attempts at touching the groin area of a female Coast Guard member. Shortly after the Barbados incident, and prior to preferral of charges against Appellant, he went before an Article 15, UCMJ non-judicial punishment proceeding (Captain's Mast) on account of that conduct. At Captain's Mast, he was awarded thirty days restriction, thirty days extra duty, and reduction in grade (which was suspended for three months).

Subsequently, Appellant was charged with Rape, arising from alleged conduct following a party while in THETIS's homeport of Key West, Florida, as well as the Barbados charges. Appellant's motion to dismiss the Barbados charges for "prior jeopardy" (Appellate Ex. XXIII) was denied.[1] Following a contested trial, members found Appellant not guilty of the most serious charge of Rape, and found him guilty of only the Barbados criminal conduct for which he had already received punishment at Captain's Mast, with a difference. Specifically, he was found guilty of the same offenses of drunkenness and indecent language, but instead of the offense of attempted indecent assault, he was found guilty of assault consummated by battery.

## Discussion

Based upon a review of the entire record, a CCA must determine whether the findings of guilty should be approved, and whether the sentence approved by the convening authority should be approved or whether the court should approve only a part of the sentence. Art. 66, UCMJ. Concerning findings, a CCA may disapprove findings that are correct in law and fact as long as it acts with reference to a legal standard and does not abuse its discretion. *Nerad*, 69 M.J. at 147.

---

[1] There is no explicit ruling on the motion in the record of trial, but the Barbados charges were presented to the court members.

A charge or specification is subject to dismissal upon motion if prosecution is barred by prior punishment under Article 15 for the same offense, if the offense was minor. Rule for Courts-Martial (R.C.M.) 907(b)(2)(D)(iv), Manual for Courts-Martial (MCM), United States (2008 ed.). "Whether an offense is minor depends on several factors . . . Ordinarily, a minor offense is an offense [for] which the maximum sentence imposable would not include a dishonorable discharge or confinement for longer than 1 year if tried by general court-martial." MCM, Pt. V, ¶ 1.e. [2]

Appellant argues that the nature of the incident and the various circumstances to be considered lead to the conclusion that these were minor offenses, as does the fact that two of the three specifications do not carry the possibility of more than one year of confinement or a dishonorable discharge. While it is true that of the three alleged offenses, only attempted indecent assault rises above the one-year threshold, as the maximum sentence for it includes both a dishonorable discharge and confinement for five years, we believe that the incident should be considered as a whole, so that if one of the specifications is non-minor, the whole incident is non-minor. We are not inclined to find error in the military judge's denial of the motion to dismiss for prior jeopardy.

However, Appellant was not found guilty of attempted indecent assault. Instead, he was found guilty of the lesser included offense of assault and battery, for which the maximum sentence includes a bad-conduct discharge and confinement for six months. The essential difference is that he was not found to have the intent to gratify his lust or sexual desires. In short, none of the offenses of which he was found guilty at trial rises above the "minor" level on the basis of the maximum sentence. Considering all the circumstances with due regard for the lack of intent to gratify his lust or sexual desires, we view the incident, as found by the court-martial, as minor.

This does not mean that trial on the three specifications was improper. The military judge's denial of the motion to dismiss can only be reviewed with respect to the charges as they stood before trial. However, we believe maintaining the convictions of minor offenses would be

---

[2] This provision is identical in the 2005 and 2008 editions of the MCM.

unreasonable.  Appellant has already been punished for offenses nominally greater than the offenses of which he now stands convicted, based on the same incident.

We do not think these findings of guilty should be approved.  As noted above, we may disapprove findings even if they are correct in law and fact, as long as we do so based on a legal standard.  *Nerad*, 59 M.J. at 147.  According to *Nerad*, an example of a situation where a CCA may disapprove findings is found in *United States v. Quiroz*, 55 M.J. 334 (C.A.A.F. 2001): a CCA may remedy what it finds to be an unreasonable multiplication of charges.  The present case resembles a case of unreasonable multiplication of charges.  This case arrived at convictions by arguably proper means, but the result unreasonably subjects Appellant to a second official record and a new round of punishment for minor behavior that was already made a matter of record and already punished, similar to subjecting an accused to an exaggerated label of criminality and increased punitive exposure in a case of unreasonable multiplication of charges such as *Quiroz*.  In short, we believe our disapproval of the findings of guilty is within our power under Article 66, UCMJ, and *Nerad*.  We will act accordingly.

In case our action is found to be unauthorized, we also find that a bad-conduct discharge is an inappropriately severe punishment for the offenses of which Appellant was found guilty. The other sentence element, reduction to E-1, is not inappropriately severe, and there was no element of nonjudicial punishment to be credited against it, as the reduction awarded at Captain's Mast was suspended and the suspension was apparently never vacated.

### Decision

We have reviewed the record in accordance with Article 66, UCMJ.  Upon such review, the findings and sentence are set aside.  The charges and specifications are dismissed.

Judge LODGE concurs.

MCTAGUE, Judge (dissenting):

I respectfully dissent.

In my view, the findings and sentence are correct in law and fact and should be approved.

I do not agree with my colleagues that maintaining Appellant's convictions would be unreasonable. The Government had clear authority to try Appellant for offenses that were the subject of prior nonjudicial punishment. Art. 15(f), UCMJ; *United States v. Gammons,* 51 M.J. 169 (C.A.A.F. 1999). That the members found him not guilty of attempted indecent assault but guilty of the lesser included offense of assault consummated by battery does not make the court-martial conviction unreasonable. Maximum sentence is only one factor in determining if an offense is minor. *See* Manual for Courts-Martial, United States (2008 ed.), Pt. V, §1e. Another factor, specifically the nature of Appellant's offenses and circumstances surrounding their commission, discussed below, causes me to disagree with my colleagues.

The sentence should be approved. The Appellant, who was bloodied and falling-down drunk in a Barbados street, was rescued by two courageous female shipmates from the midst of a gathering crowd. They helped him walk back to the cutter and had to physically restrain him as he yelled provocations to various locals. During the escort, Appellant twice used his hand to graze the crotch of one female rescuer before touching her crotch with his open hand and making an unwelcome comment that "worried" her. (R. at 589.) These actions formed the basis of the assault consummated by battery conviction. To the other female rescuer, he made a sexually charged comment, which formed the basis of the indecent language conviction. Under the circumstances, neither the bad-conduct discharge nor the reduction of Appellant from E-2 to E-1 was inappropriately severe punishment.



For the Court,

John T. Ure
Deputy Clerk of the Court