# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist MICHAEL G. ZENT**
**United States Army, Appellant**

ARMY 20130656

Headquarters, Fort Campbell
Steven E. Walburn and Steven Levin, Military Judges
Colonel Jeff A. Bovarnick, Staff Judge Advocate

For Appellant: Colonel Kevin Boyle, JA; JA; Major Amy E. Nieman, JA; Captain Robert H. Meek, III, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Steven J. Collins, JA; Captain Carling M. Dunham, JA (on brief).

16 September 2014

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of desertion, two specifications of wrongful use of a controlled substance, two specifications of rape, one specification of forcible sodomy, four specifications of assault consummated by battery, and one specification of aggravated assault, in violation of Articles 85, 112a, 120, 125, and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 885, 912a, 920, 925, 928 (2006 & Supp. V 2011) [hereinafter "UCMJ"]. The military judge sentenced appellant to a dishonorable discharge, confinement for ten years, forfeiture of all pay and allowances, and reduction to the grade of E-1. Pursuant to a pretrial agreement, the convening authority approved thirty-six months confinement and the remainder of the sentence.[*]

---

[*] The convening authority credited appellant with 286 days of confinement credit against the sentence to confinement.

This case is before us for review under Article 66, UCMJ. Appellant's sole assignment of error warrants discussion and relief. In particular, appellant argues that he was subject to an unreasonable multiplication of charges. Although the government argues that appellant affirmatively waived this issue at trial, the government also concedes the issue should we reach the merits of appellant's claim. We agree with appellant and grant relief in our decretal paragraph. Appellant's personal submissions pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) do not warrant relief.

Appellant pleaded guilty, *inter alia*, to the following violations of the UCMJ:

> CHARGE I: VIOLATION OF THE UCMJ, ARTICLE 120.
>
> SPECIFICATION 1: In that [appellant], U.S. Army, did, at or near Fort Campbell, Kentucky, on or about 13 February 2012, cause [JZ] to engage in a sexual act, to wit: penetration of her vulva with his penis, by strangling her with his hand and lying upon her with the weight of his body, with force sufficient that she could not avoid or escape the sexual conduct.
>
> SPECIFICATION 2: In that [appellant], U.S. Army, did, at or near Fort Campbell, Kentucky, on or about 13 February 2012, cause [JZ] to engage in a sexual act, to wit: penetration of her vulva with his penis, by placing her in fear of being strangled to the point of unconsciousness.

Put more simply, appellant pled guilty to rape by using force (in violation of Article 120(a)(1)) and rape by placing JZ in fear (in violation of Article 120(a)(3)). The stipulation of fact expressly notes that "[t]his incident forms the basis of Specification [sic] 1 and 2 of Charge 1." The government conceded at trial that these offenses were an unreasonable multiplication of charges for sentencing purposes, but not for findings. Appellant at trial did not raise the issue of unreasonable multiplication of charges for findings or otherwise comment upon unreasonable multiplication of charges for findings. The military judge treated the offenses as one offense for purposes of sentencing. Under the facts and circumstances, we do not find affirmative waiver in this case.

"What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." Rule for Courts-Martial 307(c)(4). We consider five factors to determine whether charges have been unreasonably multiplied:

(1) Did the accused object at trial that there was an unreasonable multiplication of charges and/or specifications?;

(2) Is each charge and specification aimed at distinctly separate criminal acts?;

(3) Does the number of charges and specifications misrepresent or exaggerate the appellant's criminality?;

(4) Does the number of charges and specifications [unreasonably] increase [the] appellant's punitive exposure?;

(5) Is there any evidence of prosecutorial overreaching or abuse in the drafting of the charges?

*United States v. Quiroz*, 55 M.J. 334, 338 (C.A.A.F. 2001) (internal citation and quotation marks omitted) (internal alteration reflects the holding in *Quiroz* that "unreasonably" will be utilized instead of "unfairly"). Here, the *Quiroz* factors on balance weigh in favor of appellant. In this case, the two rape convictions unreasonably exaggerate appellant's criminality, especially where the stipulation of fact explicitly affirms that one act formed the basis of both convictions, and the government conceded at trial that appellant should only be sentenced for one offense.

Although we only affirm appellant's conviction for rape by force, this relief does not affect the sentence because the military judge treated both offenses as one for sentencing purposes. The penalty landscape has not changed and the remaining factors announced in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), weigh in favor of reassessing and affirming the sentence.

## CONCLUSION

On consideration of the entire record, the matters submitted pursuant to *Grostefon*, and the assigned error, the finding of guilty of Specification 2 of Charge I is set aside. Specification 2 of Charge I is dismissed. The remaining findings of guilty are AFFIRMED. Reassessing the sentence on the basis of the error noted and the principles of *Winckelmann*, the sentence is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored.

ZENT—ARMY 20130656



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4