# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
LIND, CELTNIEKS, and KRAUSS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class KIMBERLY E. RIVERA**
**United States Army, Appellant**

ARMY 20130397

Headquarters, Fort Carson
Timothy Grammel, Military Judge
Colonel John S.T. Irgens, Staff Judge Advocate

For Appellant:  Colonel Kevin Boyle, JA; Major Vincent T. Shuler, JA (on brief).

For Appellee:  Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Daniel D. Derner, JA; Captain Daniel M. Goldberg, JA (on brief).

15 December 2014

----------------------------------
SUMMARY DISPOSITION
----------------------------------

LIND, Senior Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to her pleas, of two specifications of desertion in violation of Article 85, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 885 (2012). Appellant was sentenced to a dishonorable discharge, confinement for 14 months, forfeiture of all pay and allowances, and reduction to the grade of E-1.  The convening authority disapproved the adjudged forfeitures and, pursuant to a pretrial agreement, approved only so much of the remainder of the sentence as provided for a bad-conduct discharge, confinement for 10 months, and reduction to the grade of E-1.  The convening authority also credited appellant with 5 days against the sentence to confinement.

This case is before the court for review pursuant to Article 66, UCMJ. Appellant's sole assignment of error alleges that Specification 1 of the Charge (desertion with intent to remain away permanently) is an unreasonable multiplication of charges for findings with Specification 2 of the Charge (desertion with intent to avoid hazardous duty) under *United States v. Quiroz*, 55 M.J. 334 (C.A.A.F. 2001),

because both specifications arise from the same period of absence. Appellant's assignment of error merits discussion, but not relief.[1]

On or about 3 October 2006, appellant, a member of 2d Battalion, 17th Field Artillery Regiment out of Fort Carson, Colorado, deployed to Forward Operating Base Loyalty, Iraq. In early January 2007, she went on mid-term leave to the United States. Instead of returning to her unit in Iraq at the conclusion of her mid-tour leave, appellant packed up the family home and fled with her family to Canada. Appellant lived in Canada for approximately five years until she was ultimately deported back to the United States. During her time in Canada, appellant participated in the War Resisters Support Campaign and frequently spoke out against the war in Iraq. On 20 September 2012, appellant complied with a deportation order and presented herself to U.S. Border Patrol agents. Appellant was arrested on her deserter warrant. Based on this absence, appellant was charged with two specifications of desertion, one with intent to remain away permanently, the other with intent to avoid hazardous duty.[2]

At trial, the government conceded, and the military judge found, the two specifications to be an unreasonable multiplication of charges for sentencing but not for findings.[3] Appellant's pretrial agreement contained a "waive all waivable motions" clause, which the military judge went over with appellant thoroughly to establish a knowing, voluntary, and intelligent waiver. During this colloquy, unreasonable multiplication of charges for findings was not discussed, and defense counsel told the military judge that the defense had no motions to raise.

The government now argues appellant waived any unreasonable multiplication of charges for findings motion pursuant to *United States v. Gladue*, 67 M.J. 311 (C.A.A.F. 2009), asserting that under *Gladue*, appellant's claim is extinguished and we should not consider the issue on appeal.

---

[1] Appellant personally raised additional matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), none of which merit discussion or relief.

[2] *See generally United States v. Antonelli*, 35 M.J. 122, 124-25 (C.M.A. 1992) (quoting *United States v. Aldridge*, 2 U.S.C.M.A. 330, 332, 8 C.M.R. 130, 132 (1953)) (there are "three very different" desertion offenses under Article 85, UCMJ, "each involving a separate and distinct specific intent.").

[3] *See United States v. Cuero*, 19 U.S.C.M.A. 398, 399, 41 C.M.R. 398, 399 (1970) (holding, *inter alia*, that "because [the two desertion specifications, one alleging an intent to remain away permanently, the other an intent to shirk important service, cover the same period of time[,] they are multiplicious for sentence purposes."). *See generally United States v. Campbell*, 71 M.J. 19 (C.A.A.F. 2012) (contrasting concepts of unreasonable multiplication of charges for findings and sentence with multiplicity.)

RIVERA—ARMY 20130397

Notwithstanding *Gladue*, under Article 66(c), UCMJ, this court may affirm only such findings of guilty and sentence as we "find[] correct in law and fact and determine[], on the basis of the entire record, should be approved." *Quiroz*, 55 M.J. at 338 (quoting Art. 66(c)). This "awesome, plenary, *de novo* power" vests us with the authority to determine whether to apply waiver to claims of unreasonable multiplication of charges. *See id.*

However, under the facts of this case, we decline to exercise this power and we hold appellant waived her right to raise the issue of unreasonable multiplication of charges for findings on appeal. *See Gladue*, 67 M.J. at 314.

The findings of guilty and the sentence are AFFIRMED.

Judge CELTNIEKS and Judge KRAUSS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court