Judge EFFRON
delivered the opinion of the Court.
A general court-martial composed of a military judge sitting alone convicted appellee, pursuant to his pleas, of four offenses involving the same property (1.25 pounds of M112 demolition charge [C-4]): (1) conspiracy to wrongfully dispose of the property, in violation of Article 81, Uniform Code of Military Justice (UCMJ), 10 USC § 881; (2) wrongful sale of the property, in violation of Article 108, UCMJ, 10 USC § 908; (3) unlawfully receiving the property, in violation of 18 USC § 842(h), as incorporated under Article 134, UCMJ, 10 USC § 934; and (4) unlawfully possessing, storing, transporting, or selling the property, in violation of 18 USC § 842(h), as incorporated under Article 134. Appellee also was convicted of two specifications involving wrongful possession of marijuana and one specification of wrongful manufacture of *336 marijuana, in violation of Article 112a, UCMJ, 10 USC § 912a.
Appellee was sentenced to a dishonorable discharge, confinement for 10 years, forfeiture of all pay and allowances, and reduction to pay grade E-l. The convening authority approved the sentence as adjudged. Pursuant to a pretrial agreement, the convening authority suspended all confinement in excess of 48 months.
In its initial review, the Court of Criminal Appeals held that the conviction for violation of Article 108 (sale of the C-4) and the conviction for violation of 18 USC § 842(h) (which included sale of the same property) constituted an unreasonable multiplication of charges, and the court dismissed the charge under Article 108. 52 MJ 510, 513 (1999). In addition, the court noted the Government’s concession that one of the specifications concerning wrongful possession of marijuana was facially duplicative with respect to the specification concerning wrongful manufacture of marijuana. The court held that this unlawful possession offense was lesser-included within the wrongful manufacture offense, and it dismissed that wrongful possession specification under the doctrine of multiplicity. Id. at 514. The court reassessed the sentence on the basis of the remaining findings and affirmed a dishonorable discharge, confinement for 8 years, total forfeitures, and reduction to E-l. Id. at 515.
In its opinion on reconsideration en banc, the Court of Criminal Appeals reaffirmed the panel’s decision that conviction and sentence for the two charges of selling the C-4 constituted an unreasonable multiplication of charges. The court held that consolidation of the two charges into a single offense under Article 134 would provide an appropriate remedy. Additionally, the court dismissed both specifications concerning wrongful possession of marijuana on the grounds that both specifications constituted lesser-inelud-ed offenses with respect to the conviction on the charge of wrongful manufacture of marijuana. Based upon the remaining findings, the court reassessed the sentence, affirming a dishonorable discharge, confinement for 7 years, total forfeitures, and reduction to E-l. 53 MJ 600 (2000).
The Judge Advocate General certified the following issues for our review under Article 67(a)(2), UCMJ, 10 USC § 867(a)(2):
I. WHETHER THE LOWER COURT ERRED IN HOLDING THAT AN EQUITABLE DOCTRINE OF UNREASONABLE MULTIPLICATION OF CHARGES EXISTS SEPARATE FROM MULTIPLICITY AND IS AN INDEPENDENT BASIS FOR GRANTING RELIEF.
II. WHETHER THE LOWER COURT ERRED BY ENUNCIATING AND APPLYING A NEW PER SE RULE THAT IT WILL NEVER APPLY FORFEITURE TO CLAIMS OF UNREASONABLE MULTIPLICATION OF CHARGES RAISED FOR THE FIRST TIME ON APPEAL.
III. WHETHER THE LOWER COURT ERRED IN GRANTING APPELLEE RELIEF FOR BEING CONVICTED OF AN UNREASONABLE MULTIPLICATION OF CHARGES WITHOUT FIRST FINDING THAT APPELLEE HAD SUFFERED MATERIAL PREJUDICE TO A SUBSTANTIAL RIGHT.
The certified issues pertain only to that portion of the lower court’s decision consolidating the charges concerning sale of the C-4 on the grounds that they constituted an unreasonable multiplication of charges. The certified issues do not address the lower court’s decision to dismiss the two marijuana-possession specifications under the doctrine of multiplicity. The certified questions, however, address the conceptual relationship between the prohibition against multiplicious charges and the prohibition against unreasonable multiplication of charges. We hold that these are distinct legal prohibitions, founded upon distinct legal principles. For the reasons set forth below, we remand the case to the Court of Criminal Appeals for further consideration in light of our opinion.
I. THE PROHIBITION AGAINST AN UNREASONABLE MULTIPLICATION OF CHARGES
As noted by the court below, “[t]he principle prohibiting unreasonable multiplica *337 tion of charges is one that is well established in the history of military law....” 53 MJ at 605. Winthrop, in his classic treatise on 19th century military law, stated: “An unnecessary multiplication of forms of charge for the same offense is always to be avoided.” William Winthrop, Military Law and Precedents 143 (2d ed. 1920 Reprint). In the 1928 edition of the Manual for Courts-Martial, U.S. Army, paragraph 27 expressly provided: “One transaction, or what is substantially one transaction, should not be made the basis for an unreasonable multiplication of charges against one person.” This proscription was continued verbatim in subsequent editions of the Manual. See para. 27, Manual for Courts-Martial, U.S. Army, 1949; para. 26b, Manual for Courts-Martial, United States, 1951 and 1969 (Revised ed.).
When the new format for the Manual was adopted in 1984 creating a distinction between the Rules for Courts-Martial set forth in the Executive Order and the nonbinding Discussions of these rules, virtually identical language was included in the Discussion accompanying RCM 307(c)(4), which has been retained through subsequent editions. See Discussion, RCM 307(c)(4), Manual for Courts-Martial, United States (1984, 1994, 1995, 1998, and 2000 eds.). We agree with the observation of the Court of Criminal Appeals that, although the concept of unreasonable multiplication has been placed in the non-binding Discussion, “[w]é do not believe that the action of the President in placing this longstanding principle in a discussion section of the Manual for Courts-Martial had the effect of repealing it, thereby enabling imaginative prosecutors to multiply charges without limit.” 53 MJ at 605; see id. at 604, discussing United States v. Morrison, 41 MJ 482, 484 n. 3 (1995), United States v. Foster, 40 MJ 140, 144 n. 4 (1994), and United States v. Sturdivant, 13 MJ 323, 329-30 (CMA 1982).
The court below concluded that “multiplicity and unreasonable multiplication of charges are distinct concepts.” 53 MJ at 604. The court noted that “[m]ultiplicity is a concept that derives from the Double Jeopardy Clause of the U.S. Constitution ... [and] deals with the statutes themselves, their elements, and congressional intent.” Id., discussing United States v. Teters, 37 MJ 370 (CMA 1993). The court contrasted multiplicity with “the longstanding principle prohibiting unreasonable multiplication of charges [which] ... promotes] fairness considerations separate from an analysis of the statutes, their elements, and the intent of Congress.” Id. at 604-05.
We agree with the analysis by the Court of Criminal Appeals. The prohibition against multiplicity is necessary to ensure compliance with the constitutional and statutory restrictions against Double Jeopardy, see U.S. Const, amend. V and Art. 44, UCMJ, 10 USC § 844, in light of applicable judicial precedents. E.g., Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); Schmuck v. United States, 489 U.S. 705, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989); and United States v. Teters, supra.
By contrast, the prohibition against unreasonable multiplication of charges addresses those features of military law that increase the potential for overreaching in the exercise of prosecutorial discretion. For example, the military justice system has a longstanding preference for trying all known offenses at a single trial, see RCM 307(c)(4) and RCM 601(e)(2) (Rule and Discussion), which is different from the preference in the civilian sector for separate trials for each offense. See Drafters’ Analysis of RCM 601(e)(2), 2000 Manual, supra at A21-31, citing Fed.R.Crim.P. 8(a). Similarly, the existence of broadly worded offenses unknown in civilian society also increases the potential for overreaching. See, e.g., Arts. 89-92, UCMJ, 10 USC §§ 889-92 (disrespect, disobedience, and dereliction offenses), Art. 133, UCMJ, 10 USC § 933 (conduct unbecoming an officer), and Art. 134, UCMJ, 10 USC § 934 (the General Article); Parker v. Levy, 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974); see also RCM 1005(e)(1) (Discussion) (concerning calculation of maximum imposable punishment through cumulation of maximum punishment for each offense, rather than through use of sentencing guidelines or concurrent sentencing).
*338 In short, even if offenses are not multiplicious as a matter of law with respect to double jeopardy concerns, the prohibition against unreasonable multiplication of charges has long provided courts-martial and reviewing authorities with a traditional legal standard — reasonableness—to address the consequences of an abuse of prosecutorial discretion in the context of the unique aspects of the military justice system.
II. FORFEITURE
At trial, appellee entered unconditional guilty pleas to all offenses. Prior to sentencing, he moved that the conspiracy charge and the charge of receiving the stolen be treated as multiplicious for sentencing. See ROM 906(b)(12). He also moved that the Article 108 and Article 134 charges involving sale of the CM be treated as multiplicious for sentencing. The military judge denied both motions.
As noted above, appellee raised the issue before the Court of Criminal Appeals in terms of an unreasonable multiplication of charges, and the Government responded that relief should not be granted because the issue of unreasonable multiplication was not raised at trial. The Court of Criminal Appeals chose not to address this question in terms of whether the motion at trial fairly embraced the issue on appeal, but instead focused on the unique statutory responsibility of the Courts of Criminal Appeals to affirm “only such findings of guilty and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved.” Art. 66(c), UCMJ, 10 USC § 866(c). The Court concluded that Article 66(c) provided it with authority to consider all claims of unreasonable multiplication of charges, even if raised for the first time on appeal, and to consider waiver only “if an accused affirmatively, knowingly, and voluntarily relinquishes the issue at trial....” 53 MJ at 606.
Congress, in Article 66(c), provided each of the Courts of Criminal Appeals with the authority and the responsibility to affirm only such findings and sentence as it finds correct and determines, on the basis of the entire record, should be approved, which we have described as an “awesome, plenary, de novo power[.]” See United States v. Cole, 31 MJ 270, 272 (CMA 1990); see also United States v. Lacy, 50 MJ 286, 287-88 (1999). Particularly in view of the extraordinary power of a Court of Criminal Appeals to “substitute its judgment” for that of the court-martial, 31 MJ at 272, the court below was well within its authority to determine the circumstances, if any, under which it would apply waiver or forfeiture to the type of error at issue in the present case. See United States v. Claxton, 32 MJ 159, 162 (CMA 1991).
III. THE LOWER COURT’S FRAMEWORK FOR ADDRESSING UNREASONABLE MULTIPLICATION OF CHARGES
After determining that the prohibition against unreasonable multiplication was distinct from the concept of multiplicity, and that the issue had not been waived or forfeited, the court below set forth “a framework for determining whether a given multiplication of charges arising from the same act or transaction, while permissible under Teters, is nevertheless ‘unreasonable.’ ” 53 MJ at 607. The Court noted that it would consider the following factors: (1) “Did the accused object at trial that there was an unreasonable multiplication of charges and/or specifications?”; (2) “Is each charge and specification aimed at distinctly separate criminal acts?”; (3) “Does the number of charges and specifications misrepresent or exaggerate the appellant’s criminality?”; (4) “Does the number of charges and specifications unfairly increase the appellant’s punitive exposure?”; and (5) “Is there any evidence of prosecutorial overreaching or abuse in the drafting of the charges?” Id. According to the court below, these factors would serve as “a guide, and we do not intend the list to be all-inclusive.” Id. The court offered the following standard for application of these factors: “After considering these factors, if we find the ‘piling on’ of charges so extreme or unreasonable as to necessitate the invocation of our Article 66(c), UCMJ, authority, we will *339 determine the appropriate remedy on a case by case basis.” Id.
In general, we conclude that this approach is well within the discretion of the court below to determine how it will exercise its Article 66(c) powers. We emphasize that, in this process, the court is making a determination of law under a classic legal test— whether the action under review was “reasonable” or “unreasonable.” Reasonableness, like sentence appropriateness, is a concept that the Courts of Criminal Appeals are fully capable of applying under the broad authority granted by Congress under Article 66. See United States v. Sales, 22 MJ 305 (CMA 1986); United States v. Suzuki 20 MJ 248 (CMA 1985).
In that regard, we have reservations about the lower court’s reference to a factor addressing whether “the number of charges and specifications unfairly increased] the appellant’s punitive exposure.” The term “unfairly” could be viewed as applying the factor under an equitable rather than a legal standard, in light of the lower court’s reference to its “equitable power” in its initial decision. 52 MJ at 513. The factor may be used, however, so long as it addresses the question in terms of the legal issue as to whether the number of charges and specifications “unreasonably” increased appellant’s punitive exposure. Accordingly, we shall remand this case for further consideration by the court below in light of our concern about this factor.
We also note that the lower court recommended that counsel and judges not employ the term “multiplicious for sentencing,” in light of the potential for confusion with the doctrine of multiplicity connected to the constitutional prohibition against double jeopardy. 53 MJ at 605 n. 16. Although we recognize that employment of a different term may well be warranted, we note that ROM 906(b)(12) expressly recognizes the right of an accused to submit a motion for appropriate relief based on “multiplicity of offenses for sentencing purposes.” Military judges have traditionally exercised the power to treat offenses as “multiplicious for sentencing” in a prudent and salutary fashion. See United States v. Traxler, 39 MJ 476, 480 (CMA 1994). This doctrine may well be subsumed under the concept of an unreasonable multiplication of charges when the military judge or the Court of Criminal Appeals determines that the nature of the harm requires a remedy that focuses more appropriately on punishment than on findings. The President may decide to amend the Manual to refer to the doctrine of multiplicity for sentencing in the future in terms of an unreasonable multiplication of charges for purposes of sentencing. Until the Manual is amended, however, a motion to treat offenses as “multiplicious for sentencing” remains a valid basis for relief under the Manual.
IV. DECISION
The decision of the United States Navy-Marine Corps Court of Criminal Appeals is set aside. The record of trial is returned to the Judge Advocate General of the Navy for remand to that court for reconsideration in light of this opinion.