SULLIVAN, Senior Judge
(concurring in part, dissenting in part, and concurring in the result):
I agree with the majority that abuse of discretion is the proper standard of review of *95 a military judge’s recusal decision.[1] Although, I conclude that the military judge’s extra-trial activities were imprudent, his refusal to recuse himself in this case did not constitute error. Finally, I cannot accept the finding of “waiver” of the unreasonable-multiplieation-of-charges claim nor will I join an opinion effectively granting the lower courts equity-type powers under Article 66(c), UCMJ, 10 USC § 866(c). See United States v. Quiroz, 55 MJ 334, 345 (2001) (Sullivan, J., dissenting).

Recusal

The majority “assume[s], -without deciding, that the military judge should have recused himself and ask[s] whether his failure to do so requires reversal under the standards set forth by the Supreme Court in Liljeberg.”[2] 56 MJ at 92. Would not a reasonable person consider it improper for a trial judge to associate, even socially, with court-martial personnel during trial? Whether it be with members of the prosecution, the defense, or the military jury?[3] See also Article 37, UCMJ, 10 USC § 837. Is it not appropriate for a judge to refrain from being a recreational teammate of a prosecutor in tennis or golf or other team sport during a trial? Nevertheless, full disclosure by this military judge on the record of these fleeting associations forestalled any need to recuse himself in this case. United States v. Norfleet, 53 MJ 262 (2000); United States v. Wright, 52 MJ 136 (1999).
The Court of Criminal Appeals did not find that the military judge in this case abused his discretion to sit in this ease. See United States v. Butcher, 53 MJ 711, 712, 714 (A.F.Ct.Crim.App.2000) (concluding “that a disinterested observer” with knowledge of all “the facts would not believe the military judge lacked impartiality or the trial” lacked fairness). Moreover, our Court has refused to find an abuse of discretion solely based on general allegations of systematic bias. See, e.g., United States v. Norfleet, 53 MJ 262, 271 (2000) (no error shown where the convening authority was also military judge’s boss as head of Air Force Legal Services Agency). Here, appellant did, not allege any actual bias as a result of the out-of-court contacts of the judge and trial counsel. See R. 993 (defense counsel’s statement that the military judge’s conduct “just casts doubt on the whole trial”) and Appellate Exhibit XXV at 4 (noting in appellant’s recusal motion, “[wjhile there does not appear to be actual impropriety ... the fact that the party occurred at the tail end of the findings portion of this trial does not save the case from the appearance of injustice”). Under the special circumstances of this case, I would hold that the imprudence of the judge in playing tennis with one of the litigant’s counsel during trial did not amount to per se impropriety that tainted the judge’s role or the trial, especially *96 given the functional environment existing today for military judges. However, I would urge that appropriate guidelines be strengthened to prohibit such associations during a trial for the sake of appearances to the general public as well as to the litigants.
In this case, the judge, to his credit, made extensive statements and written findings on the record of both the quality and nature of his informal contacts -with trial counsel and any impact that these contacts had on his judicial conduct. See R. at 989-90; see generally Appellate Exhibit XXVIII. Additionally, defense counsel had the opportunity in two different Article 39(a) hearings to question the military judge about these activities. See R. at 986-95, 1038-42. In my view, the demands of ROM 902(a) were satisfied by the judge’s actions in this case, and his refusal to recuse himself did not constitute error under our case precedents. See United States v. Norfleet and United States v. Wright, both supra.

Findings of Guilty on Charges II & III

In addition, the lower court did not commit error by failing to dismiss the wrongful-possession and dereliction-of-duty charges after appellant was convicted of larceny. These charges were not multiplieious. See United States v. Teters, 37 MJ 370, 377 (CMA 1993) (applying the Blockburger[4] separate-elements test), cert. denied, 510 U.S. 1091, 114 S.Ct. 919, 127 L.Ed.2d 213 (1994). Dereliction of duty and larceny clearly consist of separate elements and thereby constitute separately punishable offenses. Compare para. 16(b)(3), Part IV, Manual for Courts-Martial, United States, 1984 (Article 92) with para. 46(b), Part IV, Manual, supra (Article 121) ie.g., duty element of Article 92 versus the wrongful-taking element of Article 121). Wrongful possession and larceny likewise consist of separate elements and are separately punishable. Compare para. 37(b)(1), Part IV, Manual, supra (Article 112a) with para. 46(b), Part IV, Manual, supra (Article 121) {e.g., controlled-substance element of Article 112a versus the wrongful-taking element of Article 121).
The majority opinion does not engage in such legal analysis. Instead, it reaffirms the “highly discretionary power [of the lower court under Article 66(c) ] ... to determine that a claim of unreasonable multiplication of charges has been waived or forfeited.... ” 56 MJ at 93. In light of the majority’s continued inclination to find an equitable-type power in the lower court, I again dissent and reaffirm my position in United States v. Claxton, 32 MJ 159, 165 (1991) (Sullivan, C.J., concurring in part and in the result). See United States v. Quiroz, 55 MJ at 345 (Sullivan, J., dissenting).
Accordingly, I join in the result reached by the majority and vote to affirm this case.

. In United States v. Mitchell, 39 MJ 131, 144 n. 7 (1994), we assumed, without deciding, that a de novo standard of review was applicable.

. Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988).

. Quoting the Uniform Code of Judicial Conduct for Military Trial and Appellate Judges, which applies to the Air Force:
CANON 2
A JUDGE SHALL AVOID IMPROPRIETY AND THE APPEARANCE OF IMPROPRIETY IN ALL OF THE JUDGE’S ACTIVITIES.
A. A judge shall respect and comply with the law* and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.
B. A judge shall not allow family, social, political or other relationships to influence the judge’s judicial conduct or judgment. A judge shall not lend the prestige of judicial office to advance the private interests of the judge or others; nor shall a judge convey or permit others to convey the impression that they are in a special position to influence the judge. A judge shall not testify voluntarily as a character witness.
s¡: * *
CANON 4
A JUDGE SHALL CONDUCT THE JUDGE’S EXTRAJUDICIAL ACTIVITIES TO MINIMIZE THE RISK OF CONFLICT WITH JUDICIAL OBLIGATIONS.
A. Extra-judicial Activities in General. A judge shall conduct all of the judge’s extra-judicial activities so that they do not:
(1) cast reasonable doubt on the judge’s capacity to act impartially as a judge;
(2) demean the judicial office; or
(3) interfere with the proper performance of judicial duties.
(Emphasis added).

. Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932).