# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.A. FISCHER, M.C. HOLIFIELD, A.C. RUGH**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

**v.**

**MARC C. NICHOLS**
**LANCE CORPORAL (E-3), U.S. MARINE CORPS**

**NMCCA 201500131**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged:** 19 December 2014.
**Military Judge:** LtCol J.D. Groharing, USMC.
**Convening Authority:** Commander, Marine Corps Base, Quantico, VA.
**Staff Judge Advocate's Recommendation:** Maj Troy H. Campbell, USMC.
**For Appellant:** LT Ryan W. Aikin, JAGC, USN.
**For Appellee:** Mr. Brian K. Keller, Esq.

**6 August 2015**

---

**OPINION OF THE COURT**

---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge, sitting as a general court-martial, convicted the appellant, pursuant to his pleas, of one specification of receipt of child pornography and two specifications of possession of child pornography in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The military judge sentenced the appellant to confinement for a period of three years, reduction to pay grade E-1, forfeiture of all pay and allowances, and a dishonorable

discharge.  The convening authority (CA) approved the adjudged sentence and, pursuant to a pretrial agreement, suspended all confinement in excess of 18 months.

Although not raised as error, we note that the court-martial order (CMO) fails to indicate that the military judge merged Specifications 2 and 3 of the Charge and dismissed Specification 3.  We order corrective action in our decretal paragraph.

After carefully considering the record of trial, we conclude that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed.  Arts. 59(a) and 66(c), UCMJ.

## Post-Trial Processing

Immediately following the announcement of findings, the military judge *sua sponte* evaluated Specifications 2 and 3 for an unreasonable multiplication of charges applying *United States v. Quiroz*, 55 M.J. 334 (C.A.A.F. 2001), and merged the two specifications.[1]  He then dismissed Specification 3.  The report of results of trial, staff judge advocate's recommendation (SJAR), supplemental SJAR, and CMO failed to reflect this action of merger and dismissal by the military judge.  Although trial defense counsel's clemency request correctly noted that the appellant had been convicted of only two violations of Article 134, UCMJ, it did not note the errors in the report of results of trial and SJAR.

"The applicable statutory and Manual provisions, as well as . . . prior cases, establish the following process for resolving claims of error connected with the convening authority's post-trial review.  First, an appellant must allege the error at the Court of Criminal Appeals.  Second, an appellant must allege prejudice as a result of the error.  Third, an appellant must show what he would do to resolve the error if given such an opportunity.  If an appellant meets this threshold, then it is

---

[1] The new Specification 2 hence read:

"In that Lance Corporal Marc C. Nichols, U.S. Marine Corps, did, on active duty, on or near Marine Corps Base Quantico, Virginia, between on or about 25 July 2013 and on or about 16 August 2013 knowingly and wrongfully possess child pornography on his laptop computer and his cellular phone, to wit: images and videos of minors, or what appear to be minors engaging in sexually explicit conduct and that said conduct was of a nature to bring discredit upon the armed forces."  Record at 170-71.

incumbent upon the Courts of Criminal Appeals, given their plenary review authority under Article 66(c), as amplified by the guidance found in RCM 1106(d)(6), to remedy the error and provide meaningful relief." *United States v. Wheelus*, 49 M.J. 283, 288-89 (C.A.A.F. 1998). The appellant has not met his threshold, and we find that these errors did not materially prejudice the appellant's substantial rights.

Nonetheless, the appellant is entitled to "have [his] official records correctly reflect the results of this proceeding." *United States v. Crumpley*, 49 M.J. 538, 539 (N.M.Ct.Crim.App. 1998). Accordingly, we order the necessary corrective action in our decretal paragraph.

## Conclusion

The findings and the sentence as approved by the CA are affirmed. The supplemental CMO shall correctly reflect the merger of Specifications 2 and 3 of the Charge and dismissal of Specification 3.

For the Court

R.H. TROIDL
Clerk of the Court

3