**UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Mario A. RIVERA**
**Food Service Technician Second Class (E-5), U.S. Coast Guard**

**CGCMG 0313**
**Docket No. 1406**

**1 February 2016**

General Court-Martial convened by Director of Operational Logistics.  Tried at Norfolk, Virginia, on 19 May 2014.

| | |
|---|---|
| Military Judge: | CAPT Christine N. Cutter , USCG |
| Trial Counsel: | LT Nicholas G. Smith, USCGR |
| Assistant Trial Counsel: | LCDR Austin D. Shutt, USCG |
| Civilian Defense Counsel: | Mr. Frank J. Spinner |
| Assistant Defense Counsel: | LT Kevin R. Larson, JAGC, USN |
| Appellate Defense Counsel: | LT Philip A. Jones, USCGR |
| Appellate Government Counsel: | LT Daniel Velez, USCGR |

**BEFORE**
**McCLELLAND, KOVAC & JUDGE**
Appellate Military Judges

McCLELLAND, Chief Judge:

Appellant was tried by general court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of conspiracy, in violation of Article 81, Uniform Code of Military Justice (UCMJ); five specifications of larceny, in violation of Article 121, UCMJ; and two specifications of false official statements, in violation of Article 107, UCMJ.  The military judge sentenced Appellant to confinement for eighteen months, reduction to E-1, a fine of forty thousand dollars, and a bad-conduct discharge.  The Convening Authority approved the sentence.  The pretrial agreement did not affect the sentence.

Before this court, Appellant asserts that the evidence is legally and factually insufficient to sustain his conviction for larceny by withholding the proceeds from the sale of stolen property.

Appellant, a cook, joined a conspiracy with one Petty Officer Scott and another petty officer, to purchase goods without authority using a government purchase card, on which Petty Officer Scott was an authorized user, and sell the goods online. The goods were delivered to Appellant's home, from which Petty Officer Scott retrieved them and sold them using Appellant's eBay account, with the proceeds going to Appellant's PayPal account. Appellant transferred most of the proceeds to Petty Officer Scott's bank accounts, but retained more than $41,000 for himself.

In addition to conspiracy and false official statement, Appellant was convicted, upon his guilty pleas, of five specifications of larceny: three specifications of retaining for himself three items purchased with the government purchase card, one specification of retaining for himself groceries purchased with a separate government purchase card held by him and intended for purchasing groceries for his unit, and one specification of retaining the $41,000-plus from the on-line sales. The latter, Specification 1 of Charge II, is at issue.

Appellant complains that larceny by withholding requires a fiduciary relationship, but Appellant had no fiduciary relationship and no fiduciary duty to return the goods or the proceeds to the Government that Petty Officer Scott had stolen. Implicit in this argument is the theory that Petty Officer Scott, as the cardholder who made the purchases, had the fiduciary relationship with the Government while Appellant had no such relationship.[1] The problem with this argument is that Appellant aided and abetted the larcenies committed by Petty Officer Scott, thereby becoming criminally liable as a principal. *See* Article 77(1), UCMJ. Even if a fiduciary relationship were required to sustain a larceny by withholding (a point on which we express no opinion), we agree with the Government that Appellant, as an aider and abettor, participated in

---

[1] Appellant also argues that "a person who merely receives stolen property does not commit a larceny by withholding." (Assignment of Errors and Brief at 6.) Receipt of stolen property was an alternative charging theory in this case; twenty-nine specifications of receiving stolen property were preferred and referred against Appellant. However, as part of the pretrial agreement, those specifications were not prosecuted.

Petty Officer Scott's fiduciary duty to return property that was purchased with Petty Officer Scott's government purchase card to the Government.[2]

The question remains whether the proceeds from sale of the Government property were owned by the Government and therefore, a possible subject of larceny from the Government. It is by no means clear that they were, even if the Government had a right to those proceeds based on equitable principles or statute.

Without deciding that issue, we find the specification at issue to be an unreasonable multiplication of charges with the conspiracy specification. Although conspiracy and its associated substantive offense are not multiplicious as a matter of law, it may be unreasonable to maintain both charges in a given case. We think this is such a case. The fact that Appellant gained more than $41,000 from the scheme is clearly a matter in aggravation of the conspiracy. Maintaining both charges merely enhanced his criminal exposure – certainly unnecessarily, and in our view unfairly. *See United States v. Quiroz*, 55 M.J. 334 (C.A.A.F. 2001). We will dismiss the specification. Since the facts of the specification are proper aggravation, the specification itself made no difference to the sentence.

### Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the finding of guilty of Charge II Specification 1 is set aside, and the specification is dismissed. The remaining findings and the sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the remaining findings of guilty and the sentence, as approved below, are affirmed.

Judges KOVAC and JUDGE concur



For the Court,

Sarah P. Valdes
Clerk of the Court

---

[2] Appellant cites *United States v. Ragins*, 11 M.J. 42, 46-47 (C.M.A. 1981) for his theory that a fiduciary relationship is required, but *Ragins* is very far from resolving any issue in this case.