# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**K.J. BRUBAKER, J.A. FISCHER, A.C. RUGH**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

v.

**PATRICK M. CONNER**
**CORPORAL (E-4), U.S. MARINE CORPS**

**NMCCA 201500285**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged**: 4 May 2015.
**Military Judge**: CDR R.P. Monahan, Jr., JAGC, USN.
**Convening Authority**: Commander, Marine Corps Base, Quantico, VA.
**Staff Judge Advocate's Recommendation**: LtCol Troy Campbell, USMC.
**For Appellant**: LT David Warning, JAGC, USN.
**For Appellee**: CAPT Ross L. Leuning, JAGC, USN; Maj Tracey L. Holtshirley, USMC.

**25 February 2016**

---
## OPINION OF THE COURT
---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge, sitting as a general court-martial, convicted the appellant, pursuant to his pleas, of one specification of making a false official statement, one specification of wrongful use of a controlled substance, seventeen specifications of larceny, and seven specifications of housebreaking, in violation of Articles 107, 112a, 121, and 130,

Uniform Code of Military Justice, 10 U.S.C. §§ 907, 912a, 921, and 930.

The military judge sentenced the appellant to sixty-six months' confinement, reduction to pay grade E-1, a $4,500.00 fine, and a dishonorable discharge. The convening authority (CA) approved the adjudged sentence and, pursuant to a pretrial agreement, suspended all confinement in excess of forty-eight months.

The appellant now raises as error that the court-martial order (CMO) fails to correctly reflect the military judge's merger of Charge I, Specification 7 and Additional Charge V, Specification 1 and the subsequent dismissal of Additional Charge V, Specification 1.

In its brief, the Government also notes that the CMO incorrectly identifies the victims of the larceny alleged in the merged Charge I, Specification 7. We agree on both counts and order corrective action in our decretal paragraph.

### Post-Trial Processing

Following the announcement of findings, the military judge evaluated Charge I, Specification 7 and Additional Charge V, Specification 1 for an unreasonable multiplication of charges applying *United States v. Quiroz*, 55 M.J. 334 (C.A.A.F. 2001), and merged the two specifications. He then dismissed Specification 1 of Additional Charge V.

The merged specification alleged the larceny from one vehicle of a laptop computer, the property of Advance Healthcare, LLC, and prescription medication, the property of Ms. A.B. While this change was correctly identified in the Staff Judge Advocate's Recommendation, the CMO failed to reflect this action of merger and dismissal by the military judge. The CMO also incorrectly identifies Advance Healthcare, LLC, as the owner of the prescription medication.

As the appellant is entitled to "have [his] official records correctly reflect the results of this proceeding," *United States v. Crumpley*, 49 M.J. 538, 539 (N.M.Ct.Crim.App. 1998), we order the necessary corrective action in our decretal paragraph.

2

## Conclusion

The findings and the sentence as approved by the CA are affirmed.  The supplemental CMO shall correctly reflect Charge I, Specification 7 as merged, to include that the owner of the prescription medication was A.B. vice Advance Healthcare LLC, and the dismissal of Additional Charge V, Specification 1.

For the Court



R.H. TROIDL
Clerk of Court