# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## UNITED STATES

v.

## Collon O. BAKER

## Boatswain's Mate Third Class (E-4), U.S. Coast Guard

### CGCMG 0323
### Docket No. 1419

### 12 September 2016

General Court-Martial convened by Commander, Fifth Coast Guard District.  Tried at Norfolk, Virginia, on 22 October 2014.

| | |
|---|---|
| Military Judge: | CAPT Christine N. Cutter, USCG |
| Trial Counsel: | LT Jeffery C. Barnum, USCG |
| Defense Counsel: | LT John T. Cole, JAGC, USN |
| Appellate Defense Counsel: | LT Philip A. Jones, USCGR |
| Appellate Government Counsel: | LT Tereza Z. Ohley, USCGR |

## BEFORE
## McCLELLAND, DUIGNAN & HERMAN
Appellate Military Judges

Per curiam:

Appellant was tried by general court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of willfully disobeying a superior commissioned officer, in violation of Article 90, Uniform Code of Military Justice (UCMJ); two specifications of wrongful disposition of military property, in violation of Article 108, UCMJ; and three specifications of possession of child pornography and one specification of adultery, all in violation of Article 134, UCMJ.  The military judge sentenced Appellant to confinement for five years, reduction to E-1, and a dishonorable discharge.  The Convening Authority approved the sentence, but suspended confinement in excess of thirteen months, in accordance with the pretrial agreement.

Before this Court, Appellant has assigned the following errors:

I. Appellant's sentence is inappropriately severe in light of the nature of the charged offenses.

II. The Government arbitrarily divided related and similar conduct committed over the same time period into multiple specifications. This is an unreasonable multiplication of charges.

III. The military offense of adultery violates Appellant's right to Equal Protection by singling out heterosexual servicemembers for heightened criminal liability.

As to the first issue, upon careful consideration, we do not agree that the sentence is inappropriately severe. We briefly discuss the other two issues and affirm.

Concerning multiplication of charges, Specification 4 of Charge II alleges possession of fifty digital images of a certain minor engaging in sexually explicit conduct. Specification 5 of Charge II alleges possession of ten videos of the same minor engaging in sexually explicit conduct. Appellant urges us to find the two specifications to be an unreasonable multiplication of charges. *See United States v. Quiroz*, 55 M.J. 334 (C.A.A.F. 2001). In our view, the two specifications do not constitute an unreasonable multiplication of charges. Also, we are confident that two specifications did not result in a greater sentence than would have been adjudged with a single specification alleging all of the same conduct.

Concerning adultery, we reject the issue, following the well-reasoned lead of the Navy-Marine Corps Court of Criminal Appeals in *United States v. Hackler*, 75 M.J. 648 (N.M.Ct.Crim.App. 2016). The fact that the Manual for Courts-Martial, United States (2012 ed.) (MCM), sets forth elements of adultery in heterosexual terms under Article 134 does not preclude a specification under Article 134 alleging a similar offense involving a married homosexual, which would most likely be subject to the same maximum sentence as that established for adultery in MCM, Pt. IV, para. 62e. *See* Rule for Courts-Martial 1003(c)(1)(B)(i), MCM.

## Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the

entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved below, are affirmed.

Judges DUIGNAN and HERMAN concur.



For the Court,


Shelia R. O'Reilly
Clerk of the Court