# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E-1 JOSEPH A. WARREN**
**United States Army, Appellant**

ARMY 20150602

Headquarters, 2d Infantry Division/ROK-US Combined Division
Tiernan P. Dolan, Military Judge
Colonel Lance S. Hamilton, Staff Judge Advocate

For Appellant:  Colonel Mary J. Bradley, JA; Captain Christopher D. Coleman, JA
(on brief).

For Appellee:  Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III,
JA; Lieutenant Colonel Kirsten M. Dowdy, JA (on brief); Major Anne C. Hsieh, JA;.

17 November 2016

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

Appellant pleaded guilty at a general court-martial to one specification each
of use, possession, and distribution of marijuana, in violation of Article 112a,
Uniform Code of Military Justice, 10 U.S.C. § 912a (2012).  The military judge
sentenced appellant to a bad-conduct discharge and confinement for 135 days.
Pursuant to a pretrial agreement the convening authority reduced the confinement to
three months, but otherwise approved the punitive discharge.

On appeal, appellant's sole assignment of error is that the military judge erred
when he allowed the government to elicit from appellant's commander specific acts
of appellant's poor duty performance.[1]  As appellant failed to preserve this issue for
appeal, and as we do not find plain error, we do not grant appellant relief.

---

[1] Appellant personally asserts, pursuant to *United States v. Grostefon*, 12 M.J. 431
(C.M.A. 1982), that the military judge erred when he failed to find, sua sponte, that

(continued . . .)

During sentencing the government elicited from appellant's commander Captain Smith that appellant "did not want to be there, did not adhere to haircut standards, I thought he was just there passing the time." The military judge overruled the defense relevance objection. The government then, without defense objection, elicited that appellant was "[n]ot somebody that really held up to the values that the Army represents, in my opinion. You could tell he didn't want to be there, tell he was doing the bare minimum . . . so he wasn't a stellar Soldier."

On appeal, appellant asserts that the elicited testimony was impermissible under R.C.M. 1001(b). We agree with appellant. The government also agrees, but argues that the defense failed to preserve the error at trial by either not objecting or objecting only on relevance.[2] We also agree with the government, and accordingly test for plain error. We find none.

The findings of guilty and the approved sentence are AFFIRMED.



FOR THE COURT:

JOHN P. TAITT
Chief Deputy Clerk of Court

---

(. . . continued)
the specifications were unreasonably multiplied. Even assuming error, in the context of a guilty plea in which appellant specifically agreed to plead guilty to all three offenses in exchange for a more than ninety-eight percent reduction in his confinement exposure, we do not exercise our Article 66(c) authority to notice waived and forfeited error. *See United States v. Quiroz*, 55 M.J. 334 (C.A.A.F. 2001) (A court of criminal appeals is "well within its authority to determine the circumstances, if any, under which it would apply waiver or forfeiture. . . ."). Under Rule for Court-Martial [hereinafter R.C.M.] 907(b)(3)(B), a specification may be dismissed for multiplicity "upon *timely* motion" by the accused. On appeal, appellant asks us to disapprove one or more of the specifications, even though he did not move to dismiss them at trial. Of course, had appellant asked for this relief at trial, appellant would have been breaking his agreement to plead guilty to all three specifications–with uncertain results.

[2] Evidence may be relevant, but not admissible under other rules. *See* Military Rule of Evidence 402 ("All relevant evidence is admissible except as otherwise provided by . . . this Manual . . . .").