# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CELTNIEKS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant ROBERT J. CARR**
**United States Army, Appellant**

ARMY 20150529

Headquarters, U.S. Army Cyber Center of Excellence and Fort Gordon
John T. Rothwell, Military Judge (arraignment & motions hearing)
John S. Irgens, Military Judge (trial)
Colonel Scott F. Young, Staff Judge Advocate (pretrial)
Lieutenant Colonel John A. Hamner, Staff Judge Advocate (post-trial)

For Appellant: Lieutenant Colonel Melissa R. Covolesky, JA; Major Andres Vazquez, Jr., JA; Captain Matthew D. Bernstein, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Michael E. Korte, JA (on brief).

27 April 2017

--------------------------------------------------------------------------------
SUMMARY DISPOSITION ON FURTHER RECONSIDERATION
--------------------------------------------------------------------------------

TOZZI, Senior Judge:

In a summary disposition dated 17 April 2017 this court granted appellant relief on a claim of unreasonable multiplication of charges. *United States v. Carr*, ARMY 20150529, 2017 CCA LEXIS 238 (Army Ct. Crim. App. 7 Apr. 2017). We did so by amending a specification alleging assault under Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928 (2012 & Supp. I 2014) [hereinafter UCMJ] by deleting duplicative language contained in another specification for rape under Article 120 UCMJ. In a motion for reconsideration appellant points out this court erred in analyzing the first *Quiroz*[*] factors when we stated "defense counsel did not object at trial that the specifications constituted an unreasonable multiplication of charges. This factor weighs in favor of the government." We agree. Appellant did raise unreasonable multiplication of charges at trial. As a result, that factor weighs

--------

[*] *United States v. Quiroz*, 55 M.J. 334, 338 (C.A.A.F 2001).

CARR—ARMY 20150529

in favor of appellant. Since appellant has already been provided relief for unreasonable multiplication of charges under *Quiroz*, no further relief is provided here.

## CONCLUSION

After reconsideration of the entire record of trial and appellant's assignments of error, we AFFIRM only so much of Specification 1 of Charge II as finds:

> In that [appellant], U.S. Army, did, at or near Augusta, Georgia, on or about 11 March 2014, unlawfully punch Mrs. [LC] on the head, face, and torso with his fists.

The remaining findings of guilty are AFFIRMED.

Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), we AFFIRM the sentence. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored. *See* UCMJ arts. 58a(b), 58b(c), 75(a).

Judge CELTNIEKS and Judge BURTON concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

2