CORRECTED COPY

# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant First Class MARLIN P. SHUPP[1], JR.**
**United States Army, Appellant**

ARMY 20160079

Headquarters, Fort Drum
S. Charles Neill, Military Judge
Lieutenant Colonel John J. Merriam, Staff Judge Advocate

For Appellant: Lieutenant Colonel Melissa R. Covolesky, JA; Captain Ryan T. Yoder, JA; Major Daniel E. Goldman, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Anne C. Hsieh, JA; Major Lionel C. Martin, JA (on brief).

12 July 2017

-------------------------------------------------------------------
SUMMARY DISPOSITION ON RECONSIDERATION
-------------------------------------------------------------------

Per Curiam:

We summarily affirmed appellant's case on 31 May 2017.[2] We granted appellant's motion to reconsider in order to better explain our summary affirmance to the parties so that they may appropriately scrutinize our reasoning.

---

[1] Corrected

[2] A general court-martial composed of a military judge convicted appellant, pursuant to his pleas, of three specifications of aggravated sexual assault on a child, one specification of forcible sodomy, and three specifications of indecent acts with a child, in violation of Articles 120, 125, and 134 Uniform Code of Military Justice, 10 U.S.C. 920, 925, 934 (2000, 2006, 2006 & Supp. II 2009, 2006 & Supp. III 2010) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a dishonorable discharge, confinement for fourteen years, and reduction to the grade of E-1.

In appellant's first assignment of error, he alleged the military judge erred in allowing appellant to be subjected to an unreasonable multiplication of charges. The government charged appellant with the Article 134, UCMJ, offense of indecent acts with a child for digitally penetrating CS on divers occasions from 12 January 2006 until 30 September 2007. The government also charged appellant with aggravated sexual assault of a child, an Article 120, UCMJ, offense, for digitally penetrating CS from 1 October 2007 to 29 January 2009. Appellant argues the government unreasonably multiplied these offenses by "arbitrarily" splitting the conduct into two offenses before and after 1 October 2007. We disagree for multiple reasons.

First, 1 October 2007 was the effective date for the 2006 amendments to Article 120. *See* National Defense Authorization Act for Fiscal Year 2006, Pub. L. 109-163, § 552(f) (Rape, Sexual Assault, and Other Sexual Misconduct Under Uniform Code of Military Justice). That is, appellant could not have been charged with aggravated sexual assault of a child for conduct that occurred before 1 October 2007. Thus, it seems clear to us the charging decision complained of on appeal was a rational response to a fundamental change in substantive law.

Second, appellant waived the unreasonable multiplication issue when he pleaded guilty to the offenses. As we have repeatedly stated, appellant cannot simultaneously agree to plead guilty to an offense because he is legally and factually guilty of the offense and then, after getting the benefit of pleading guilty, argue on appeal the military judge erred as a matter of law in accepting his plea to an offense because it is unreasonably multiplied. *See United States v. Boykin*, ARMY 20160136, 2017 CCA LEXIS (Army Ct. Crim. App. 12 Jun. 2017) (sum. disp.); *United States v. Russell*, ARMY 20150397, 2016 CCA LEXIS 673 (Army Ct. Crim. App. 18 Nov. 2016) (sum. disp.); *and United States v. Tankersley*, ARMY 20140074, 2016 CCA LEXIS 504 (Army. Ct. Crim. App. 15 Aug. 2016) (mem. op.).

Third, each penetrative act was a separate offense that the government could have charged individually. The unit of prosecution for sexual assault is each assault. That the government chose to merge multiple offenses into two specifications—when each offense could have been specified individually—did not mean the offenses then needed to be merged into one offense. *See United States v. Neblock*, 45 M.J. 191 (C.A.A.F. 1996)

Fourth, assuming we eventually reached the test outlined in *United States v. Quiroz* for determining specifications are unreasonably multiplied, we would not weigh the factors in appellant's favor. 55 M.J. 334, 338-39 (C.A.A.F. 2001).

Appellant's second assignment of error concerns the victim's unsworn statement. The victim's statement was marked as Prosecution Exhibit 2 for Identification (PE 2 for ID). The military judge verified the defense had a copy of the statement. The special victim counsel then read the statement to the military

judge. Rather than transcribe the statement, the court-reporter entered a note in the record as follows: "The special victims [sic] counsel read PE 2 for ID to the Court."

On appeal, appellant complains it was error not to transcribe the statement, and therefore we do not have a "complete" record. We disagree. First, with one technical exception,[3] we do not find it to be error for the court-reporter to adopt by reference a document when the exhibit is read into the record verbatim. Indeed, this is typical for stipulations of expected testimony. Requiring transcription of a document that was read verbatim only introduces the possibility of error that comes with each retelling.

Second, and why we summarily affirmed appellant's case the first time, we cannot find any prejudice. Under Article 59(a), UCMJ, we may not set aside a finding or sentence based on an error of law without first finding material prejudice to a substantial right. The special victim counsel read PE 2 for ID. We have PE 2 for ID and have read it ourselves. Therefore, we are able to fully conduct our review under Article 66(c). Appellant does not claim, for example, PE 2 for ID was read with substantial additions or omissions. Accordingly, it is not clear to us what material right has been prejudiced, let alone substantially prejudiced.

The findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[3] Under Rule for Courts-Martial [hereinafter R.C.M.] 1103, exhibits that are marked, but not admitted, are not technically part of the record of trial. *See* R.C.M. 1103(b)(2); *United States v. Cade*, 75 M.J. 923 (Army Ct. Crim. App. 2016) (defining "contents" of the record of trial). Accordingly, the exhibit should have been admitted, marked as an appellate exhibit, or been inserted into the record. To correct this technical error we will mark PE 2 for ID as an exhibit on appeal and also insert a copy of the exhibit into the record after page ninety-seven.

3