# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist STEPHAN G. KURDILLA**
**United States Army, Appellant**

ARMY 20140964

Headquarters, 82d Airborne Division (Rear) (Provisional)
Deidra J. Fleming, Military Judge
Lieutenant Colonel Dean L. Whitford, Staff Judge Advocate

For Appellant: Lieutenant Colonel Charles D. Lozano, JA; Captain Heather L. Tregle, JA; Captain Katherine L. DePaul, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major John K. Choike, JA; Major Diara Z. Andrews, JA (on brief).

19 May 2016

---------------------------------
SUMMARY DISPOSITION
---------------------------------

TOZZI, Senior Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of failure to obey a general order, two specifications of indecent acts with a child, and four specifications of communicating indecent language to a child, in violation of Articles 92, 120, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 920, and 934 (2006) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, five months confinement, and to be reduced to the grade of E-1.  The convening authority approved only so much of the sentence as provides for a bad-conduct discharge, four months confinement, and a reduction to E-1.

We now review appellant's case under Article 66, UCMJ.  Appellant raises one assignment of error meriting discussion and relief.  We find the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), do not warrant relief.  In his sole assignment of error, appellant alleges the military judge abused her discretion in merging Specifications 1 and 2 of

Charge II for sentencing rather than for findings where the charged misconduct was based on substantially one transaction and were part of the same impulse. We agree and find Specifications 1 and 2 of Charge II are unreasonably multiplied. We provide relief in our decretal paragraph.

Appellant was found guilty, *inter alia*, of the following violations of the UCMJ:

CHARGE II: Violation of the UCMJ, Article 120

SPECIFICATION 1: In that [appellant], U.S. Army, did, at or near Forward Operating Base Fenty, Afghanistan, on or about 1 June 2012, wrongfully commit indecent conduct, to wit: electronically send a photograph of an unknown woman with her vagina exposed with her genitalia enclosed in an unknown metal device, a photograph of an unknown woman standing above an unknown woman exposing her genitalia, and a photograph of an unknown nude woman posing with an unknown nude woman to Miss A.H., a child under the age of 16 years.

SPECIFICATION 2: In that [appellant], U.S. Army, did, at or near Forward Operating Base Fenty, Afghanistan, on or about 1 June 2012, wrongfully commit indecent conduct, to wit: electronically send a photograph of an unknown woman engaging in sexual intercourse with an unknown man, to Miss A.H., a child under the age of 16 years.

### *Unreasonable Multiplication of Charges*

Appellant pleaded guilty to the two specifications of indecent acts with a child delineated above. These specifications stem from appellant sending photographs to A.H., a child under the age of 16 years, from Afghanistan on the same date at about the same time. The government attempts to distinguish the photograph in Specification 2 of Charge II from the photographs in Specification 1 of Charge II by averring the photographs were all sent close in time but the transmission of each constituted a distinctly separate criminal act. The government argues the four photographs were sent at four distinct times during one online conversation. The government also states the photograph in Specification 2 of Charge II depicted a sexual act of a man and woman having sexual intercourse, such photograph tending to sexually excite or deprave the morals of the minor child, distinguishing it from the photographs in Specification 1 of Charge II depicting nude women only. We fail to see a meaningful distinction in these photographs.

"What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." Rule for Courts-Martial 307(c)(4). We consider five factors to determine whether charges have been unreasonably multiplied:

(1) Did the accused object at trial that there was an unreasonable multiplication of charges and/or specifications?;

(2) Is each charge and specification aimed at distinctly separate criminal acts?;

(3) Does the number of charges and specifications misrepresent or exaggerate the appellant's criminality?;

(4) Does the number of charges and specifications [unreasonably] increase [the] appellant's punitive exposure?;

(5) Is there any evidence of prosecutorial overreaching or abuse in the drafting of the charges?

*United States v. Quiroz*, 55 M.J. 334, 338-39 (C.A.A.F. 2001) (internal citation and quotation marks omitted) (internal alteration reflects the holding in *Quiroz* that "unreasonably" will be utilized instead of "unfairly").

Here, the *Quiroz* factors on balance weigh in favor of appellant. First, defense counsel did inquire before trial about merging Specifications 1 and 2 of Charge II for sentencing purposes. Although there is no mention of merging these offenses for findings on the record, this factor weighs slightly in favor of appellant. Regarding the second *Quiroz* factor, it appears the transmission of these photographs occurred during the same online session with A.H. at substantially the same time. These specifications are aimed at the same criminal act. This factor weighs in favor of appellant. Regarding the third factor, findings of guilty against appellant for two specifications of indecent acts with a child under these facts exaggerates appellant's criminality. This factor weighs in favor of appellant. Regarding the fourth factor, appellant's punitive exposure is not unreasonably increased for this conduct because the military judge merged them for sentencing purposes. This factor weighs in favor of the government. Finally, there is no evidence of prosecution overreaching or abuse in the drafting of the charges, so the fifth factor weighs in favor of the government. On balance, we find the *Quiroz* factors weigh in favor of appellant. Accordingly, Specifications 1 and 2 of Charge II will be merged.

**CONCLUSION**

After consideration of the entire record of trial, appellant's assignment of error, and the matters personally raised by appellant pursuant to *Grostefon*, Specifications 1 and 2 of Charge II are consolidated into a single specification, denominated the Specification of Charge II, to read as follows:

> In that [appellant], U.S. Army, did, at or near Forward Operating Base Fenty, Afghanistan, on or about 1 June 2012, wrongfully commit indecent conduct, to wit: electronically send a photograph of an unknown woman with her vagina exposed with her genitalia enclosed in an unknown metal device, a photograph of an unknown woman standing above an unknown woman exposing her genitalia, a photograph of an unknown nude woman posing with an unknown nude woman, and a photograph of an unknown woman engaging in sexual intercourse with an unknown man, to Miss A.H., a child under the age of 16 years.

The finding of guilty of Specification 2 of Charge II is set aside and is DISMISSED. The finding of guilty of Charge II and its Specification, as so amended, is AFFIRMED. The remaining findings of guilty are AFFIRMED.

Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), we AFFIRM the sentence. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored.

Judge CAMPANELLA and Judge CELTNIEKS concur.

FOR THE COURT:

JOHN P. TAITT
Deputy Clerk of Court

4