# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CELTNIEKS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant DAVID J. SINGLEY**
**United States Army, Appellant**

ARMY 20150275

Headquarters, U.S. Army Medical Department Center and School
Wade N. Faulkner, Military Judge
Lieutenant Colonel Toshene C. Fletcher, Staff Judge Advocate

For Appellant: Colonel Mary J. Bradley, JA; Captain Christopher D. Coleman, JA; Captain J. David Hammond, JA (on brief).

For Appellee: Lieutenant Colonel A.G. Courie III, JA; Lieutenant Colonel Daniel D. Derner, JA; Captain Vincent S. Scalfani, JA (on brief).

25 July 2016

---------------------------------
SUMMARY DISPOSITION
---------------------------------

TOZZI, Senior Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of six specifications of making false official statements, and eight specifications of wearing unauthorized insignia, decorations, badges, ribbons, devices, or lapel buttons, in violation of Articles 107 and 134 Uniform Code of Military Justice, 10 U.S.C. §§ 907, 934 (2012) [hereinafter UCMJ]. The military judge sentenced appellant to a dishonorable discharge, forfeiture of all pay and allowances, and reduction to E-1. The convening authority approved the findings and sentence as adjudged.

We now review appellant's case under Article 66, UCMJ. In his sole assignment of error, appellant alleges the military judge committed plain error by failing to find Specification 2 and 3 of Charge I (making false official statements), and the Specifications of The Additional Charge (making false official statements) were an unreasonable multiplication of charges for purposes of findings. We agree and provide relief in our decretal paragraph.

**LAW AND DISCUSSION**

Appellant was found guilty, *inter alia*, of the following violations of the UCMJ:

> CHARGE I: Violation of the UCMJ, Article 107.
>
> SPECIFICATION 2:  In that [appellant], U.S. Army, did, at or near JBSA Fort Sam Houston, Texas, on or about 17 November 2014, with intent to deceive, make to Major M.R., an official statement, to wit:  "I received a Purple Heart and Combat Action Badge for a concussion sustained when my up-armored HMMWV was struck by an Improvised Explosive Device in June 2007," or words to that effect, which statement was totally false, and was then known by [appellant] to be so false.
>
> SPECIFICATION 3:   In that [appellant], U.S. Army, did, at or near JBSA Fort Sam Houston, Texas, on or about 17 November 2014, with intent to deceive, make to Major M.R., an official statement, to wit:  "I received a Bronze Star as my end of tour award for my deployment with the 229th Aviation Regiment from 2001-2002," or words to that effect, which statement was totally false, and was then known by [appellant] to be so false.
>
> THE ADDITIONAL CHARGE: Violation of the UCMJ, Article 107.
>
> SPECIFICATION 1:  In that [appellant], U.S. Army, did, at or near JBSA Fort Sam Houston, Texas, on or about 8 May 2014, with intent to deceive, make to Lieutenant Colonel A.L.-R., an official statement, to wit:  "OEF [Operation Enduring Freedom], 2001-2002 x 13 months (extensive combat exposure as a forward observer for 6 months, later served in aerial fire support x 7 months, was involved in many firefights, was injured in an explosion, had a rifle round hit him in his armor, right in the center of his chest)," or words to that effect, which statement was false in that [appellant] was not involved in any firefights, was not injured in an explosion, and did not have a rifle round hit him in his armor, and was then known by [appellant] to be so false.

2

SPECIFICATION 2: In that [appellant], U.S. Army, did, at or near JBSA Fort Sam Houston, Texas, on or about 8 May 2014, with intent to deceive, make to Lieutenant Colonel A.L.-R., an official statement, to wit: "OIF [Operation Enduring Freedom], 2003 x 12 months (extensive combat)" or words to that effect, which statement was false in that [appellant] was not subject to extensive combat, and was then known by [appellant] to be so false.

SPECIFICATION 3: In that [appellant], U.S. Army, did, at or near JBSA Fort Sam Houston, Texas, on or about 8 May 2014, with intent to deceive, make to Lieutenant Colonel A.L.-R., an official statement, to wit: "OIF [Operation Enduring Freedom] Iraq, 2006-2007 x 12 months, some IED exposure as his vehicle was hit on several occasions" or words to that effect, which statement was false in that [appellant] was not subject to any IED exposure and his vehicle was never hit by an IED, and was then known by [appellant] to be so false.

### *Unreasonable Multiplication of Charges*

Appellant pleaded guilty to the two specifications of Charge I delineated above. These specifications stem from appellant providing a sworn statement to Major (MAJ) M.R. during an Army Regulation 15-6 investigation into his conduct. The statements comprising the gravamen of both of these specifications were provided by appellant at the same time, to the same investigating officer, in the same sworn statement.

Similarly, appellant pleaded guilty to the three specifications of The Additional Charge delineated above. These specifications stem from appellant making false official statements to a psychiatrist, Lieutenant Colonel (LTC) A.L.-R., during his medical evaluation board and physical evaluation board processing. The statements comprising the gravamen of these specifications were provided by appellant at the same time, to LTC A.L.-R., during the same interview.

"What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." Rule for Courts-Martial 307(c)(4). We consider five factors to determine whether charges have been unreasonably multiplied:

(1) Did the accused object at trial that there was an unreasonable multiplication of charges and/or specifications?;

(2) Is each charge and specification aimed at distinctly separate criminal acts?;

(3) Does the number of charges and specifications misrepresent or exaggerate the appellant's criminality?;

(4) Does the number of charges and specifications [unreasonably] increase [the] appellant's punitive exposure?;

(5) Is there any evidence of prosecutorial overreaching or abuse in the drafting of the charges?

*United States v. Quiroz*, 55 M.J. 334, 338-39 (C.A.A.F. 2001) (internal citation and quotation marks omitted) (internal alteration reflects the holding in *Quiroz* that "unreasonably" will be utilized instead of "unfairly").

Here, the *Quiroz* factors on balance weigh in favor of appellant. First, defense counsel did not object at trial that the specifications constituted an unreasonable multiplication of charges. This factor weighs in favor of the government. Regarding the second *Quiroz* factor, it appears Specifications 2 and 3 of Charge I were aimed at the same criminal act, appellant's false statement to MAJ M.R. on 11 November 2014. In addition, it appears the Specifications of The Additional Charge were aimed at the same criminal act, appellant's false statements to LTC A.L.-R. on 8 May 2014. This factor weighs in favor of appellant. Regarding the third factor, findings of guilty against appellant for all of the specifications delineated above exaggerates appellant's criminality. This factor weighs in favor of appellant. Regarding the fourth factor, appellant's punitive exposure is not unreasonably increased for this conduct because the military judge merged the specifications in question for sentencing. This factor weighs in favor of the government. Finally, there is no evidence of prosecution overreaching or abuse in the drafting of the charges, so the fifth factor weighs in favor of the government. On balance, we find the *Quiroz* factors weigh slightly in favor of appellant. Accordingly, Specifications 2 and 3 of Charge I will be merged. In addition, Specifications 1, 2, and 3 of The Additional Charge will be merged.

**CONCLUSION**

After consideration of the entire record of trial and appellant's assignment of error, Specifications 2 and 3 of Charge I are consolidated into a single specification, Specification 2 of Charge I, to read as follows:

4

> In that [appellant], U.S. Army, did, at or near JBSA Fort Sam Houston, Texas, on or about 17 November 2014, with intent to deceive, make to Major M.R., an official statement, to wit: "I received a Purple Heart and Combat Action Badge for a concussion sustained when my up-armored HMMWV was struck by an Improvised Explosive Device in June 2007," and "I received a Bronze Star as my end of tour award for my deployment with the 229th Aviation Regiment from 2001-2002," or words to that effect, which statement was totally false, and was then known by [appellant] to be so false.

Specifications 1, 2, and 3 of The Additional Charge are also consolidated into a single specification, denominated the Specification of The Additional Charge, to read as follows:

> In that [appellant], U.S. Army, did, at or near JBSA Fort Sam Houston, Texas, on or about 8 May 2014, with intent to deceive, make to Lieutenant Colonel A.L.-R., an official statement, to wit: "OEF [Operation Enduring Freedom], 2001-2002 x 13 months (extensive combat exposure as a forward observer for 6 months, later served in aerial fire support x 7 months, was involved in many firefights, was injured in an explosion, had a rifle round hit him in his armor, right in the center of his chest)," "OIF [Operation Enduring Freedom], 2003 x 12 months (extensive combat)," and "OIF [Operation Enduring Freedom] Iraq, 2006-2007 x 12 months, some IED exposure as his vehicle was hit on several occasions," or words to that effect, which statement was false in that [appellant] was not involved in any firefights, was not injured in an explosion, did not have a rifle round hit him in his armor, was not subject to extensive combat, was not subject to any IED exposure, and his vehicle was never hit by an IED, and was then known by [appellant] to be so false.

The finding of guilty of Specification 3 of Charge I is set aside and is DISMISSED. The finding of guilty of Specification 2 of Charge I, as so amended, is AFFIRMED. The findings of guilty of Specifications 2 and 3 of The Additional Charge are set aside and are DISMISSED. The finding of guilty of the Specification of The Additional Charge, as so amended, is AFFIRMED. The remaining findings of guilty are AFFIRMED.

SINGLEY—ARMY 20150275

Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), we AFFIRM the sentence. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored.

Judge CELTNIEKS and Judge BURTON concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

6