# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, PENLAND, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E2 DAVID MONTOYA**
**United States Army, Appellant**

ARMY 20150211

Headquarters, Fort Knox
Steven E. Walburn, Military Judge (arraignment)
James W. Herring, Jr., Military Judge (trial)
Colonel E. Edmond Bowen, Jr., Staff Judge Advocate

For Appellant: Lieutenant Colonel Charles D. Lozano, JA; Captain Heather L. Tregle, JA; Captain Matthew D. Bernstein, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Major Anne C. Hsieh, JA; Major Lionel C. Martin, JA (on brief).


29 November 2016

---------------------------------
SUMMARY DISPOSITION
---------------------------------

PENLAND, Judge:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of two specifications of willfully disobeying a superior commissioned officer, two specifications of sexual assault, and two specifications of abusive sexual contact, in violation of Articles 90 and 120 of the Uniform Code of Military Justice, 10 U.S.C. §§ 890, 920 [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a dishonorable discharge, confinement for thirty-three months, and reduction to the grade of E-1. The military judge and convening authority credited appellant with 100 days of confinement credit against his sentence to confinement.

We review this case under Article 66, UCMJ. Appellant raises one issue, which merits brief discussion but no relief. We have considered the matters personally submitted by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982); they lack merit.

## BACKGROUND

The charged offenses arose from appellant's sexual assault of and contact with Private First Class (PFC) CM.  While PFC CM was sleeping in her barracks room after having taken a sleep aid, appellant touched her stomach and breasts.  She woke up, and thinking it was someone else, nudged away the hand that was touching her breasts.  Appellant touched her breasts again with his hand and she verbally objected to the touching.  Appellant stopped and she went to sleep again.  Private First Class CM was awakened by appellant's finger penetrating her vulva.  She tried to move away and said "no," but the digital penetration continued and progressed to appellant penetrating her vulva with his penis while PFC CM continued to protest.

For this conduct, the government charged appellant with abusive sexual contact for touching PFC CM's stomach, breasts, and vulva while she was asleep (Specification 1 of The Additional Charge), abusive sexual contact by bodily harm for touching her stomach and breasts (Specification 4[1] of Charge II), sexual assault by bodily harm for penetrating her vulva with his finger (Specification 3 of Charge II), and sexual assault by bodily harm for penetrating her vulva with his penis (Specification 2 of Charge II).

At trial, the military judge sua sponte stated he would merge Specification 4 of Charge II and Specification 1 of The Additional Charge for sentencing and asked if either party saw "any further issue as to merger?"  Defense counsel took a moment and asked the military judge to merge all of the Article 120 specifications because it "was all one continuous act or very close in time."  The military judge disagreed.  Appellant now asserts Specification 4 of Charge II and Specification 1 of The Additional Charge are unreasonably multiplied.

## LAW AND DISCUSSION

### A.  Unreasonable Multiplication of Charges

"What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person."  Rule for Courts-Martial [hereinafter R.C.M.] 307(c)(4).  The prohibition against unreasonable multiplication of charges (UMC) "addresses those features of military law that increase the potential for overreaching in the exercise of prosecutorial discretion."  *United States v. Campbell*, 71 M.J. 19, 23 (C.A.A.F. 2012) (quoting *United States v. Quiroz*, 55 M.J. 334, 337 (C.A.A.F. 2001)).

---

[1] The specifications of Charge II were renumbered following the dismissal of some of the specifications prior to arraignment.

In *Quiroz*, our superior court listed five factors to help guide our analysis of whether charges have been unreasonably multiplied:

> (1) Did the accused object at trial that there was an unreasonable multiplication of charges and/or specifications?
> (2) Is each charge and specification aimed at distinctly separate criminal acts?
> (3) Does the number of charges and specifications misrepresent or exaggerate the appellant's criminality?
> (4) Does the number of charges and specifications [unreasonably] increase the appellant's punitive exposure?
> (5) Is there any evidence of prosecutorial overreaching or abuse in the drafting of the charges?

55 M.J. at 338 (citation and quotation marks omitted; internal alteration reflects *Quiroz*'s holding that "unreasonably" will be used rather than "unfairly." *Id*. at 339).

We find the *Quiroz* factors in this case weigh against appellant. First, while parties focus on whether defense counsel raised the issue of UMC before the military judge did so, it is relevant that after the military judge raised the issue of merger, defense counsel did request the merger of all four Article 120 specifications.

Second, the two specifications were aimed at distinctly separate criminal acts. Specification 1 of The Additional Charge was for the touching that occurred while PFC CM was asleep and caused her to wake up. Once awake, it is clear that PFC CM knew what was happening to her and physically and verbally resisted appellant. She was no longer "incapacitated." *See MCM*, 2008, pt. IV, ¶ 45.a. (c)(2); ¶ 45.a.(t)(14). For continuing to touch PFC CM after she woke up and pushed his hand away from her breast and said no, appellant was convicted of Specification 4 of Charge II.[2] In short, our read of the evidence is that the abusive sexual contact while she was asleep ended when she woke up, and the abusive sexual contact by bodily harm occurred when he touched her after she demonstrated her lack of consent to the touching. There was no point in time when appellant was committing both offenses simultaneously. Therefore, under the facts of this case, we find the two specifications address separate acts. *See United States v. Marsh*, ARMY 20120572, 2016 CCA LEXIS 362, at *22 (Army Ct. Crim. App. 31 May 2016).

Third, the number of specifications does not misrepresent or exaggerate appellant's criminality. Instead, it would be a misrepresentation of appellant's criminality were we to dismiss one of the specifications. Appellant committed two

---

[2] Appellant said he remembered touching PFC CM's stomach, but PFC CM only testified that he touched her breasts. We address this below.

distinct abusive sexual contacts.  To hold appellant accountable for his conduct requires affirming both specifications.

Fourth, the offenses were treated as one for sentencing, which means that there was no unreasonable increase in appellant's punitive exposure.

Fifth, the record is devoid of any evidence of prosecutorial overreach or abuse in drafting the charges.

Accordingly, we do not find an unreasonable multiplication of charges.

### B.  Factual Sufficiency

We have the independent duty to review the record to determine whether it is correct in law *and* fact.  UCMJ art. 66(c).  The test for factual sufficiency, "involves a fresh, impartial look at the evidence, giving no deference to the decision of the trial court on factual sufficiency beyond the admonition in Article 66(c), UCMJ, to take into account the fact that the trial court saw and heard the witnesses." *United States v. Washington,* 57 M.J. 394, 399 (C.A.A.F. 2002); *see also Unites States v. Jimenez-Victoria*, 75 M.J. 768, 770-71 (Army Ct. Crim. App. 2016).  In exercising this authority this court gives no deference to the *decisions* of the trial court (such as a finding of guilty), but does recognize the trial court's superior ability to see and hear the witnesses.  *Id.*  In reviewing for factual sufficiency we are limited to the facts introduced at trial and considered by the court-martial.  *United States v. Beatty*, 64 M.J. 456 (C.A.A.F. 2007).

While appellant told a Criminal Investigation Command (CID) agent he remembered touching PFC CM's stomach, PFC CM herself did not testify to this; therefore we find the portion of Specification 4 of Charge II that refers to touching her stomach is factually insufficient.

**CONCLUSION**

The court affirms only so much of the finding of guilty of Specification 4 of Charge II as finds that appellant:

> Did, at or near Fort Knox, Kentucky, between on or about 25 April 2014 and on or about 26 April 2014, commit sexual contact upon Private First Class C.M., to wit: touching her breasts with an intent to arouse or gratify his sexual desires, without her consent, by causing bodily harm.

The remaining findings of guilty and the sentence are AFFIRMED.

Senior Judge CAMPANELLA and Judge BURTON concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court