# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, SALUSSOLIA, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist ROBERT S. STITES**
**United States Army, Appellant**

ARMY 20160358

Headquarters, Fort Drum
S. Charles Neill, Military Judge
Lieutenant Colonel John J. Merriam, Staff Judge Advocate (pretrial)
Colonel Peter R. Hayden, Staff Judge Advocate (post-trial)

For Appellant:  Captain Cody Cheek, JA; Captain Payum Doroodian, JA.

For Appellee:  Major Michael E. Korte, JA.

18 August 2017

----------------------------------
SUMMARY DISPOSITION
----------------------------------

FLEMING, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of three specifications of sexual abuse of a child, one specification of sexual assault of a child, and one specification of rape of a child in violation of Article 120b of the Uniform Code of Military Justice, 10 U.S.C. § 920b (2012) [hereinafter UCMJ].  The military judge sentenced appellant to a dishonorable discharge, confinement for forty years, and reduction to the grade of E-1.  In accordance with a pretrial agreement, the convening authority approved only so much of the adjudged sentence as provided for a dishonorable discharge, confinement for twenty-five years, and reduction to E-1.

This case is before us for review pursuant to Article 66, UCMJ.  Appellant submits this case on its merits but raises three issues personally pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982); two merit brief discussion but no relief.

*Post-Trial Delay*

Appellant asserts he suffered an undue, post-trial delay because 236 days elapsed between his court-martial and the convening authority's action.[1]  Post-trial delay is presumed unreasonable if the government fails to take initial action within 120 days of the completion of trial.  *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006).  Although, we find no due process violation[2] under *Barker v. Wingo*, 407 U.S. 514 (1972), we must review the appropriateness of the sentence in light of dilatory post-trial processing.  UCMJ art. 66(c).  Before reviewing sentence appropriateness, the court notes that several personnel and administrative explanations provided by the government were inadequate justifications for post-trial delay.  The Staff Judge Advocate's memorandum for record regarding the delay included the following explanations:  the office had only two court reporters at the time although four were authorized; the 216 page record took 126 days to transcribe; the office took *six* four-day weekends; and the United States Disciplinary Barracks took fifteen days to serve appellant with the record of trial.  *See United States v. Arriaga*, 70 M.J. 51, 57 (C.A.A.F. 2011) (holding "personnel and administrative issues . . . are not legitimate reasons justifying otherwise unreasonable post-trial delay.").  Four-day weekends are a soldier privilege, not a right, and they are not appropriate reasons to justify post-trial delay.  Based on all the facts and circumstances reflected in the record, however, we find relief is not appropriate.  *See United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002); *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000).

*Unreasonable Multiplication of Charges*

"What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges [UMC] against one person."  Rule for Courts-Martial [hereinafter R.C.M.] 307(c)(4).  The prohibition against UMC "addresses those features of military law that increase the potential for overreaching in the exercise of prosecutorial discretion."  *United States v. Campbell*, 71 M.J. 19, 23

---

[1] Appellant was sentenced on 20 May 2016 and the convening authority took action on 10 January 2017.  Appellant incorrectly states the action occurred on 11 January 2017 in asserting 236 days of post-trial delay.  First, the correct number of days between sentence and action equals 235.  Second, appellant requested and received for "good cause" an additional twenty days to submit matters under R.C.M. 1105.  Subtracting these twenty "good cause" days results in 215 days attributable to the government as post-trial delay.  *See United States v. Banks*, 75 M.J. 746, 748 (Army Ct. Crim. App. 2016).

[2] Appellant's failure to make a timely request for speedy post-trial processing and to assert any prejudice obviously weighs in the government's favor.

(C.A.A.F. 2012) (quoting *United States v. Quiroz*, 55 M.J. 334, 337 (C.A.A.F. 2001)). For the first time on appeal, appellant asserts Specifications 3 and 5 of Charge II are UMC.[3] Appellant's failure to raise UMC at trial waives the issue on appeal. Even if the issue had been preserved, however, after applying the factors set forth by our superior court in *Quiroz*, we conclude appellant's convictions for Specifications 3 and 5 of Charge II were not unreasonably multiplied for findings.

As to Specification 3, appellant admitted to penetrating his step-daughter's vulva with his finger on divers occasions between on or about 11 February 2014 and on or about 1 July 2014. As to Specification 5, appellant admitted to touching his step-daughter's genitalia with his hand on or about 1 July 2014; the only *actus res* charged in the specification. Appellant then proceeded to confess to penetrating his step-daughter's vulva with his finger on or about 1 July 2014 during his providence inquiry on Specification 5. A review of the record of trial, however, clearly demonstrates that all parties agreed that Specification 3 encompassed only two separate incidents in February 2014. The following discussion between the parties is illustrative:

> TC: So I'm essentially tracking two incidents for the "divers occasions" [of Specification 3]: one on 11 February 2014; and then a second occasion a few days later in mid-February of 2014.
>
> DC: May I clarify with my client?
>
> MJ: Certainly. [Defense counsel conferred with the accused.]
>
> DC: No objection, Your Honor.

Specifications 3 and 5 are aimed at separate distinct criminal acts on separate dates. A finger penetrating a vulva, as charged in Specification 3, is a separate distinct criminal act compared to a hand touching the genitalia, as charged in

---

[3] At trial, defense counsel only requested the military judge merge Specifications 4 and 5 of Charge II for sentencing, thus waiving UMC for findings. Even if the issue was not waived, Specifications 4 and 5 of Charge II were not unreasonably multiplied for findings. Each specification is aimed at a distinct criminal act. Appellant could have stopped at the sexual assault of his step-daughter without continuing on and raping her as well. Standing convicted of two separate offenses for these criminal acts does not exaggerate appellant's criminality or unreasonably increase appellant's punitive exposure. We find no evidence of prosecutorial overreaching, given the facts admitted at appellant's court-martial support a finding of guilty to both specifications.

Specification 5.  Standing convicted of two separate offenses for these criminal acts does not exaggerate appellant's criminality or unreasonably increase appellant's punitive exposure.  Although Specification 3 encompasses a date of on or about 1 July 2014, this does not mandate merger with Specification 5 when:  (1) the divers occasions element in Specification 3 was established by appellant's admission to penetrating his step-daughter's vulva with his finger on two separate occasions in February 2014; (2) all parties agreed that Specification 3 encompassed only the two dates in February 2014; and (3) the *actus rei* supporting the finding of guilty in Specifications 3 and 5 were not the same.  The law does not mandate a mega-specification incorporating every separate date and/or different act when appellant's providence inquiry clearly establishes that Specifications 3 and 5 were separate distinct criminal offenses encompassing separate dates and different acts.

## CONCLUSION

The findings of guilty and sentence are AFFIRMED.

Senior Judge CAMPANELLA and Judge SALUSSOLIA concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4