# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, SALUSSOLIA, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Chief Warrant Officer Three DAVID A. FENILI**
**United States Army, Appellant**

ARMY 20140806

Headquarters, Fort Hood
Rebecca K. Connally, Military Judge
Colonel Tania M. Martin, Staff Judge Advocate (pretrial)
Colonel Ian G. Corey, Staff Judge Advocate (recommendation)
Colonel Travis L. Rogers, Staff Judge Advocate (addendum)

For Appellant:  Colonel Mary J. Bradley, JA; Major Christopher D. Coleman, JA (on brief).

For Appellee:  Colonel Tania M. Martin, JA; Lieutenant Colonel Eric K. Stafford, JA; Major Cormac M. Smith, JA (on brief).

26 September 2017

----------------------------------
SUMMARY DISPOSITION
----------------------------------

FLEMING, Judge:

In this case we hold appellant's convictions for conduct unbecoming an officer and adultery are not multiplicious or an unreasonable multiplication of charges as applied to findings.

An officer panel, sitting as a general court-martial convicted appellant, contrary to his pleas, of conduct unbecoming an officer and adultery, in violation of Articles 133 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 933, 934 (2012) [hereinafter UCMJ].[1]  The convening authority approved the adjudged sentence of a dismissal.

---

[1] The panel acquitted appellant of sexual assault.

Appellant's case is now pending review before this court pursuant to Article 66, UCMJ. Appellant asserts three assigned errors, one of which merits discussion but no relief. We have also considered those matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) and find them to be without merit.

## BACKGROUND

While at Fort Rucker for an instructor pilot course, appellant, a married man, met Private (PV2) SS, while they were both drinking at a bar. At approximately 0300 hours, appellant drove PV2 SS, in her car, from the bar to her apartment.

At her apartment, PV2 SS vomited in the bathroom, appellant assisted her in brushing her teeth, and appellant proceeded to engage in sexual intercourse with PV2 SS.

After sexual intercourse, appellant and PV2 SS fell asleep. After waking a few hours later, appellant told PV2 SS he was a Staff Sergeant named "Brian."

The panel convicted appellant of conduct unbecoming an officer for "wrongfully exploiting [PV2 SS], a woman not his wife, who was substantially intoxicated, by bringing her home from a bar, watching her vomit, assisting her in brushing her teeth, engaging in sexual intercourse with her, and providing a false name and rank to her." Appellant was also convicted of adultery. Appellant asserts the two offenses are multiplicious and/or constitute an unreasonable multiplicaiton of charges for findings.[2]

## LAW AND DISCUSSION

*Multiplicity*

The prohibition against multiplicity is rooted in the constitutional and statutory restrictions against Double Jeopardy. *United States v. Campbell*, 71 M.J. 19, 23 (C.A.A.F. 2012). This court analyzes whether offenses are multiplicious by determining whether each offense charged requires proof of an element the other does not. *United States v. Teters*, 37 M.J. 370, 377 (C.M.A. 1993); *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932). If not, the offenses are multiplicious. *Teters*, 37 M.J. at 377; *Blockburger*, 284 U.S. at 304.

Appellant raises the issue of multiplicity for the first time on appeal. Even if the issue is not forfeited, the two specifications are not multiplicious for double

---

[2] The military judge merged the two offenses as an unreasonable multiplication of charges for sentencing.

jeopardy purposes. As charged, each specification requires different elements. The Article 133, UCMJ, specification requires conduct "unbecoming an officer and a gentlemen" and the Article 134, UCMJ, specification requires conduct "of a nature to bring discredit upon the armed forces." Conduct unbecoming an officer involves the harm to an individual officer's reputation while service discrediting conduct encompasses the harm to an entire service's reputation.

*Unreasonable Multiplication of Charges for Findings*

"What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." R.C.M. 307(c)(4). The prohibition against unreasonable multiplication of charges "addresses those features of military law that increase the potential for overreaching in the exercise of prosecutorial discretion." *Campbell*, 71 M.J. at 23 (quoting *United States v. Quiroz*, 55 M.J. 334, 337 (C.A.A.F. 2001)).

In *Quiroz*, our superior court listed five factors to help guide our analysis of whether charges have been unreasonably multiplied:

> (1) Did the accused object at trial that there was an unreasonable multiplication of charges and/or specifications?
>
> (2) Is each charge and specification aimed at distinctly separate criminal acts?
>
> (3) Does the number of charges and specifications misrepresent or exaggerate the appellant's criminality?
>
> (4) Does the number of charges and specifications [unreasonably] increase the appellant's punitive exposure?
>
> (5) Is there any evidence of prosecutorial overreaching or abuse in the drafting of the charges?

55 M.J. at 338-39 (citation and quotation marks omitted; internal alteration reflects *Quiroz*'s holding that "unreasonably" will be used rather than "unfairly.".

We find the *Quiroz* factors in this case weigh against appellant.

First, appellant did raise unreasonable multiplication of charges as applied to findings at trial. The military judge ruled the two specifications were not unreasonably multiplied.

Second, the two specifications were aimed at distinctly separate criminal acts. The adultery specification encompassed a sole act—sexual intercourse. The act of sexual intercourse in the Article 133, UCMJ, specification, however, is merely one act in a long chain of acts encompassing appellant's criminality. While the sexual intercourse is the gravamen act of the Article 133, UCMJ, offense, it is the totality of appellant's acts that constitutes conduct unbecoming an officer and a gentlemen. Appellant wrongfully exploited a substantially intoxicated junior enlisted soldier after bringing her home from a bar, watching her vomit, assisting her in brushing her teeth, and then engaging in sexual intercourse with her. The first series of these acts occurred before the sexual intercourse. After the sexual intercourse, appellant provided PV2 SS with a false name and rank. Appellant's pre-coital and post-coital acts, which either facilitated the sexual intercourse, constituted its wrongfulness, or served a failed attempt to cover his misdeeds, are separate and distinct criminal acts from the sole act of the sexual intercourse.

Third, the number of specifications does not misrepresent or exaggerate appellant's criminality. Even if the specifications were deemed to contain the same criminal act, the Articles prohibiting adultery and conduct unbecoming an officer serve different military interests. The prohibition against adultery focuses on preserving martial fidelity within the military community whereas conduct unbecoming an officer, is aimed at enforcing the proper standard of conduct in the officer's corps.

Fourth, because the offenses were treated as one for sentencing, there was no increase in appellant's punitive exposure.

Fifth, the record is devoid of any evidence of prosecutorial overreach or abuse in drafting the charges.

Accordingly, we do not find an unreasonable multiplication of charges.

**CONCLUSION**

The findings of guilty and sentence are AFFIRMED.

Senior Judge CAMPANELLA and Judge SALUSSOLIA concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4